UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NATIONAL TRUST INSURANCE
COMPANY,

    Plaintiff,

v.                           CASE NO. 3:18-cv-1440-J-34JBT

COLUMBIA NATIONAL INSURANCE
CO.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's *Daubert* Motion to Exclude Expert Testimony of Peter Knowe ("Motion") (Doc. 37) and Defendant's Response thereto (Doc. 46). The Motion was referred to the undersigned for a Report and Recommendation regarding an appropriate resolution. (Doc. 48.) For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED without prejudice** to Plaintiff challenging the admissibility of Mr. Knowe's testimony at trial.

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

**I.      Summary of Recommendation**

In this bad faith insurance case, Plaintiff seeks to exclude the entire testimony of Defendant's expert, Peter Knowe.[2] In his Report (Doc. 37-1), Mr. Knowe opines generally that, based on his training and experience in the insurance industry, Defendant properly handled the subject claims in accordance with industry standards. (*See id.*) Plaintiff does not argue that Mr. Knowe is not qualified or that his methodology, i.e., basing his opinions solely on his training and experience in the insurance industry, is inadequate or flawed. (*See* Doc. 37.) Rather, Plaintiff argues that Mr. Knowe's opinions in the Report are not sufficiently supported by facts and contain inadmissible legal conclusions. (*See id.*)

Defendant does not argue otherwise. (*See* Doc. 46.) Rather, Defendant contends generally that the facts underlying Mr. Knowe's opinions can be found in his deposition testimony, and that Mr. Knowe will not testify to certain legal conclusions included in his Report.[3] (*See id.* at 15–17.)

Although labeled a *Daubert*[4] motion, the undersigned recommends that

---

[2] A detailed background of this case is set forth in the Report and Recommendation entered on May 21, 2020. (Doc. 50 at 2–5.)

[3] Although Defendant cites three examples where Mr. Knowe's deposition testimony purportedly provides facts supporting his opinions, Defendant makes no attempt to tie specific facts discussed during the deposition to each opinion provided in the Report. (*See* Doc. 46 at 16–17.) In light of the recommendation herein, the undersigned further recommends that the Court need not scour Mr. Knowe's deposition testimony in search of facts supporting his opinions.

[4] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

2

Plaintiff's arguments regarding the admissibility of Mr. Knowe's testimony are more appropriately addressed at trial. In short, the undersigned recommends that many of the opinions in the Report are deficient in several respects. However, Mr. Knowe may be able to cure at least some of the deficiencies at trial by laying the proper foundations for his opinions. Thus, the undersigned recommends that wholesale exclusion of Mr. Knowe's testimony is not appropriate at this time. Rather, the undersigned recommends that the Motion be denied without prejudice to Plaintiff challenging the admissibility of Mr. Knowe's testimony at trial.[5]

## II.   Standard

Regarding expert opinions:

> Although opinion testimony is generally inadmissible, Federal Rule of Evidence 702 permits [a] witness who is qualified as an expert by knowledge, skill, experience, training, or education to provide opinion testimony in limited circumstances. Expert opinion testimony is admissible if: (1) the expert's . . . specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert has reliably applied the principles and methods to the facts of the case.
>
> [T]he Federal Rules of Evidence assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand. Pursuant to *Daubert*, the determination of

---

[5] It appears that Plaintiff has also retained an insurance industry expert. (*See* Doc. 38-19.) The parties do not discuss the nature and scope of his anticipated testimony.

> admissibility is uniquely entrusted to the district court, which is given considerable leeway in the execution of its duty. However, [t]he burden of laying the proper foundation for the admission of the expert testimony is on the party offering the expert, and admissibility must be shown by a preponderance of the evidence.
>
> . . .
>
> In determining the admissibility of expert testimony under Rule 702 and *Daubert*, the Court makes three basic inquiries: (1) is the expert qualified; (2) is the expert's methodology reliable; and (3) will the testimony assist the trier of fact.

*Chaney v. State Farm Mut. Auto. Ins. Co.*, Case No. 6:14-cv-1043-Orl-41DAB, 2015 WL 12838839, at *3 (M.D. Fla. Dec. 9, 2015) (citations and quotations omitted).

### III.   Analysis

The undersigned recommends that many of the opinions in the Report are deficient in multiple respects. However, it appears that at least some of these deficiencies may be curable at trial. Thus, rather than recommending wholesale exclusion of all or a significant part of Mr. Knowe's testimony at this time, the undersigned recommends that the Motion be denied without prejudice to Plaintiff challenging the admissibility of Mr. Knowe's specific testimony at trial.[6]

---

[6] Plaintiff does not request, alternatively, that any specific opinions be excluded. (*See* Doc. 37.) Moreover, Defendant asserts that it does not intend to offer certain opinions contained in the Report at trial. (Doc. 46 at 15–16.) Thus, the undersigned recommends that definitive exclusion of any specific opinions at this time is unnecessary.

4

As set forth in more detail below, the Report contains largely conclusory opinions that are insufficiently supported, inadmissible legal opinions and conclusions, and unnecessary argumentative commentary.[7] At least one court has recognized similar deficiencies with the opinions in Mr. Knowe's report in another case. In *Imperial Trading Co., Inc. v. Travelers Property Casualty. Co. of America*, the court stated in part:

> This Court's review of [Mr. Knowe's] report indicates that most of the proffered opinions are nothing more than a series of conclusory statements supporting plaintiffs' view of the factual and legal issues in this case. . . . The report reads more like a closing statement delivered by a trial attorney than a technical analysis provided by an expert witness. Most of Mr. Knowe's conclusions are unmoored to any analysis or method, and his report sheds woefully little light on why the jury should accept his conclusions.

654 F. Supp. 2d 518, 521 (E.D. La. 2009). The undersigned recommends that the opinions in the Report in this case are similarly deficient.[8]

First, the undersigned recommends that, in general, the opinions in the

---

[7] Many of Mr. Knowe's opinions are also speculative. For example, Mr. Knowe impermissibly opines regarding the reasons for the relatively low verdict against the insureds in the underlying action, stating that "[t]he Stephanie Tennant claim for loss of consortium would be attractive to a jury," and "[t]he fact that the consortium claim had been settled contributed to the low amount the jury awarded to James Tennant . . . ." (Doc. 37-1 at 9–10.) *See Chaney*, 2015 WL 12838839, at *5 (noting that expert testimony based on "speculation as to others' motives for action or inaction . . . is impermissible").

[8] Although the undersigned is not recommending wholesale exclusion of Mr. Knowe's opinions at this time, the *Imperial Trading* court did just that in ruling on a motion in limine. The court ruled that Mr. Knowe's testimony would not assist the jury. *See Imperial Trading Co., Inc.*, 654 F. Supp. 2d at 523.

5

Report are not sufficiently supported.  Regarding opinions that are purportedly based on experience:

> Where an expert witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts. Presenting a summary of a proffered expert's testimony in the form of conclusory statements devoid of factual or analytical support is simply not enough.

*Chaney*, 2015 WL 12838839, at *4 (citations and quotations omitted).

In general, Mr. Knowe fails to sufficiently link his opinions to his industry experience and/or the facts of this case.  Rather, the Report merely provides a laundry list of Mr. Knowe's industry experience and the records he reviewed in this case, along with the following statements: "My opinions are offered to assist the jury in understanding proper claims handling using my years of industry experience and training in handling claims," and "I incorporate all of the information from these case record materials as bases for my opinions stated herein."  (Doc. 37-1 at 2–5, 13.)  The remainder of the Report consists of a lengthy narrative in which Mr. Knowe generally expresses conclusory and unsupported opinions regarding Defendant's compliance with insurance industry "standards," "customs," and "practices," which Mr. Knowe fails to even identify, much less sufficiently explain.[9]

---

[9] The Report, which is replete with typographical and grammatical errors, is also unnecessarily argumentative.  For example, Mr. Knowe states that Plaintiff's claim that Defendant's investigation was insufficient is "outlandish" and "ignores the extensive

6

(*See id.* at 6–13.)

Faced with similarly deficient opinions in an expert report in a bad faith insurance case, the court in *Chaney* denied a *Daubert* motion without prejudice in part, noting that the deficiencies may be curable at trial. Specifically, the court stated:

> Mr. Setcavage's Expert Report and deposition testimony fail to make an adequate connection between his experience in the industry and his conclusions. Many of Mr. Setcavage's opinions are presented as little more than his opinion of the record evidence. He has not presented a basis in his experience or education other than his conclusory assertions regarding industry standards and his so-called best practices. This is not sufficient to pass the reliability test. Mr. Setcavage must explain how his experience results in his conclusions regarding widely accepted industry standards and best practices and how those are reliably applied to the facts in this case. Nevertheless, in the event that Mr. Setcavage can make such a connection at trial, he will be permitted to testify as to Defendant's adherence to industry standards and practices insofar as he can lay the appropriate foundation based on his experience and knowledge of the industry. Defendant may renew its objections at trial.

*Chaney*, 2015 WL 12838839, at *4. The undersigned recommends that this reasoning is persuasive and equally applicable in this case.

---

aggressive good faith claim investigation" by Defendant. (Doc. 37-1 at 12.) Mr. Knowe also repeatedly states that Plaintiff's claims have "no factual basis," and he notes that Plaintiff "refused to offer a penny toward settlement . . . ." (*Id.* at 8, 10–12.) This argumentative tone is generally present throughout the Report. Moreover, many of these statements, such as regarding Plaintiff's conduct in not contributing to a settlement, appear wholly irrelevant.

7

Next, the Report repeatedly refers to Defendant's "good faith" and other legal standards and conclusions.[10] (*See, e.g.*, Doc. 37-1 at 9, 11–12.) In its Response, Defendant concedes that Mr. Knowe may not express an opinion on the ultimate issue of bad faith. It states: "The issue of whether Defendant did or did not act in bad faith is the ultimate issue in the case. As such, Mr. Knowe will not be expressing an opinion at trial on whether Defendant engaged in bad faith, and the Defendant will also object to Plaintiffs' [sic] expert trying do the same. That is an issue for the jury to decide." (Doc. 46 at 15–16.)

To the extent Mr. Knowe claims the need to refer to a legal standard in expressing a proper opinion, *Chaney* is again instructive. In that case, the court stated:

> As presently before this Court, Mr. Setcavage's Expert Report fails to articulate the connection between the proffered legal conclusions and his understanding of how applicable laws have shaped industry standards. To the extent that Mr. Setcavage can, at trial, make such a connection, his testimony as to his understanding of the governing law may be admissible. However, Mr. Setcavage may not attempt to usurp the role of either the Court or of the jury. Accordingly, Mr. Setcavage is prohibited from testifying as to any legal standard governing insurance companies in Florida absent a

---

[10] The Report also appears to contain at least one misstatement of the law, i.e., that "the liability limits must be used to resolve what claims can be settled to honor the promises of good faith." (Doc. 37-1 at 9.) However, the undersigned recommends that under Florida law, Defendant's duty was to *not* "indiscriminately" settle but rather to reasonably minimize its insured's exposure even if that meant a settlement could not be achieved. *See Farinas v. Fla. Farm Bureau Gen. Ins. Co.*, 850 So. 2d 555, 560 (Fla. Dist. Ct. App. 2003).

8

> proffer regarding how this has influenced and developed industry practices.

*Chaney*, 2015 WL 12838839, at *5. The undersigned recommends that this reasoning is persuasive and equally applicable in this case.

In sum, despite the obvious deficiencies noted above, the undersigned recommends that wholesale exclusion of Mr. Knowe's testimony at this time is not warranted. As set forth above, it appears that at least some of the deficiencies may be curable at trial. Thus, the undersigned recommends that the admissibility of Mr. Knowe's testimony be addressed at trial.

### IV.     Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

The Motion (**Doc. 37**) be **DENIED without prejudice** to Plaintiff challenging the admissibility of Mr. Knowe's testimony at trial.

**DONE AND ENTERED** at Jacksonville, Florida, on July 10, 2020.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record