**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

NATIONAL TRUST INSURANCE
COMPANY,

    Plaintiff,

vs.                                              Case No. 3:18-cv-1440-J-34JBT

COLUMBIA NATIONAL INSURANCE
CO.,

    Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 50; Report) entered by the Honorable Joel B. Toomey, United States Magistrate Judge, on May 21, 2020. In the Report, Judge Toomey recommends that Defendant's Motion for Final Summary Judgment (Doc. 38; Motion) be denied as to Plaintiff National Trust Insurance Company's (NTIC) bad faith claims (Counts I and II) and be granted as to Plaintiff's claim for punitive damages (Count III). See Report at 1, 18. Defendant Columbia National Insurance Company (Columbia) filed a partial objection to the Report on June 4, 2020. See Defendant's Partial Objection to Magistrate's Report and Recommendations on Plaintiff's Motion for Summary Judgment with Integrated Memorandum of Law (Doc. 51; Partial Objection). NTIC filed a response to Columbia's Partial Objection on June 15, 2020. See National Trust Insurance Company's Response to Defendant's Partial Objection to Magistrate's Report and Recommendations on Plaintiff's Motion for Summary Judgment with Integrated Memorandum of Law (Doc. 52; Response).

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

Columbia raises two arguments in its Partial Objection to the Report. See generally Partial Objection. First, Columbia contends that in the Report, the Magistrate Judge[1] incorrectly interprets Florida law regarding the duties of an insurer. See id. ¶ 6. Second, Columbia asserts that the Magistrate Judge misapplies the instant "facts to the law," and ignores material undisputed facts that Columbia maintains are fatal to NTIC's claim.[2] Id. In response, NTIC argues that it is Columbia, rather than the Magistrate Judge, who misinterprets the relevant Florida law. See generally Response. Additionally, NTIC contends that there remain disputed issues of material fact which render summary judgment improper. Id.

---

[1] The Court notes that in the Partial Objection, counsel refers to Judge Toomey as "the Magistrate." See, e.g., Partial Objection ¶ 6. In 1990, the United States Congress intentionally, and after much consideration, changed the title of each United States magistrate to "United States magistrate judge." See Judicial Improvements Act of 1990, Pub. L. No. 101-650 § 321 (1990) ("After the enactment of this Act, each United States magistrate appointed under § 636 of Title 28 United States Code, shall be known as a United States magistrate judge. . ."); see also Ruth Dapper, *A Judge by any Other Name? Mistitling of United States Magistrate Judges,* 9 Fed. Cts. L. Rev. 1, 5 (Fall 2015). As such, in future filings, counsel should refer to a United States magistrate judge as "Judge _____" or the "Magistrate Judge." See Koutrakos v. Astrue, 906 F.Supp. 2d 30, 31 n.1 (D. Conn. 2012) (pointing out the proper way to refer to a United States magistrate judge).

[2] Columbia does not object to the portion of the Report recommending that Columbia's Motion be granted as to NTIC's claim for punitive damages (Count III). See Partial Objection ¶ 4.

Upon independent review of the Report and the file in this case, the Court determines that the Magistrate Judge did not misinterpret relevant Florida law, nor did he incorrectly apply the law to the instant facts or ignore material undisputed facts in determining whether entry of summary judgment was appropriate. Accordingly, for the reasons stated in the Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Partial Objection to Magistrate's Report and Recommendations on Plaintiff's Motion for Summary Judgment with Integrated Memorandum of Law (Doc. 51) is **OVERRULED**.

2. The Report and Recommendation (Doc. 50) is **ADOPTED** as the opinion of the Court.

3. Defendant's Motion for Final Summary Judgment (Doc. 38; Motion) is **GRANTED**, **in part**, and **DENIED**, **in part**.

    a. Defendant's Motion is **GRANTED** with respect to Plaintiff's claim for punitive damages (Count III).
    b. Defendant's Motion is **DENIED** with respect to Plaintiff's bad faith claims (Counts I and II).

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of August, 2020.

MARCIA MORALES HOWARD
United States District Judge

lc27
Copies to:
Counsel of Record